IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2009 AUG 11 PM 4:38
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

ROBERT AYERS, et al.,
          Plaintiffs,

-vs-                                  Case No. A-09-CA-414-SS

BNSF RAILWAY COMPANY,
          Defendant.

## ORDER

BE IT REMEMBERED on this day the Court called the above-styled cause for a status conference and the parties appeared through counsel. The Court confirms its oral announcements with this written order.

IT IS ORDERED that the Plaintiffs' attorneys, Jared Woodfill, Jeff Musslewhite, and Todd Kelly are hereby held in CONTEMPT OF COURT for failure to obey a court order and appear in court.[1] Each attorney is sanctioned TWO HUNDRED FIFTY DOLLARS AND 00/100 ($250.00), which they are ordered to pay to the Clerk of the Court within ten (10) days of the date of this order.

IT IS FURTHER ORDERED that this case is REMANDED to the 335th Judicial District Court of Burleson County, Texas. The sole basis asserted for federal jurisdiction in this case is the Plaintiffs' allegation of a violation of the Takings Clause under the Fifth and Fourteenth Amendments of the United States Constitution. *See* Pls.' Orig. Pet. ¶ 81; Def.'s

---

[1] All three attorneys failed to appear despite receiving notice of the hearing. Mr. Musslewhite ultimately appeared via telephone after being contacted by the Deputy Clerk.

Notice of Removal ¶¶ 5–8. It is well established that a federal takings clause or inverse condemnation claim is not ripe until "(1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedures the state provides." *Sandy Creek Investors, LTD v. City of Jonestown*, 325 F.3d 623, 626 (5th Cir. 2003); *John Corp. v. City of Houston*, 214 F.3d 573, 583-84 (5th Cir. 2000); *See also Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194-95 (1985). A matter must be ripe for a federal court to exercise jurisdiction. *See United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *Id.* Thus, because the sole basis for federal jurisdiction is an unripe federal takings claim, this Court lacks federal subject matter jurisdiction.[2]  According, this Court REMANDS the case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[3]

---

[2] While this remand is made *sua sponte*, there being no pending motion to remand, the Court notes its obligation to inquire into the presence of jurisdiction regardless of whether the issue is raised by Defendants. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties.")

[3] Based on the Defendant's removal of a case lacking federal subject matter jurisdiction and the Plaintiffs' failure to file a motion to remand, the parties agreed in open court that they would not seek any attorneys' fees or costs due to the removal and remand of this case.

IT IS FURTHER ORDERED that the Clerk of the Court shall mail a certified copy of this Order of Remand to the Clerk of the 21st District Court of Burleson County, Texas. *See* 28 U.S.C. § 1447(c).

IT IS FINALLY ORDERED that all pending motions are DISMISSED AS MOOT.

SIGNED this the 11th day of August 2009.

*[signature]*
SAM SPARKS
UNITED STATES DISTRICT JUDGE